UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AARON LEE DEAN,

    Plaintiff,

v.                                                       Case No. 3:22cv22140-LC-HTC

MICHAEL ANDREW HUAL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Aaron Lee Dean, a prisoner[1] proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 relating to his arrest in Escambia County in September 2022. ECF Doc. 15. After reviewing the complaint, the undersigned concludes this case should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff has failed to allege facts indicating Defendant Hual violated the Equal Protection clause by racially profiling him.

**I.    Background**

Plaintiff filed his initial complaint against Defendant Hual, an officer of the Pensacola Police Department, on or about November 2, 2022. ECF Doc. 1. After

---

[1] Plaintiff was a pretrial detainee when he filed this case. He is now in the custody of the Florida Department of Corrections.

screening the complaint, the Court determined it failed to state a claim and gave Plaintiff an opportunity to file an amended complaint. ECF Doc. 11 ("January 19, 2023, Amend Order"). Although Plaintiff filed an amended complaint, ECF Doc. 15, the amended complaint contains no facts. Instead, Plaintiff attempts to add a claim under the Fifth Amendment, adds the Pensacola Police Department ("PPD") as a Defendant, and provides some statistical information to support his racial profiling claim. Because Plaintiff is proceeding *pro se*, the Court will give Plaintiff the benefit of the doubt and read both complaints together. Even when doing so, however, Plaintiff nonetheless fails to state a claim for relief against the Defendants.

On September 6, 2022, Hual arrested Plaintiff for driving on a suspended license (second offense), grand theft auto, possession of cocaine, and violation of probation. *See Florida v. Dean*, Escambia Cty. Circuit Case No. 2022 CF 003689. The grand theft auto and drug charges were dropped, but Plaintiff was found guilty of driving on a suspended license and his probation was revoked. *Id.*; *see also Florida v. Dean*, Escambia Cty. Circuit Case No. 2020 CF 005075.

Plaintiff asserts Hual engaged in racial profiling and singled him out because he was an African American man driving an expensive vehicle. To support this assertion, Plaintiff claims the U.S. Census Bureau estimates that African Americans make up only 3.3% of Pensacola's population and, accordingly, an even smaller percentage are African American males of driving age. Thus, Plaintiff suggests

"[t]he percentage of African American males driving an nice/expensive vehicle in Pensacola traffic is likely less than 1% at any given time."

Based on the foregoing, Plaintiff alleges Defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments. As relief, he seeks $2.5 million in damages.

## II. Legal Standard

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from a government employee and entity, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Plaintiff's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.   Discussion

### A.   Fourth Amendment

In the January 19, 2023, Amend Order, the Court advised Plaintiff the allegations in his original complaint failed to support a claim that Hual violated his rights under the Fourth Amendment by stopping him without a reason.  ECF Doc. 11.  In doing so, the Court noted the September 6, 2022, arrest report indicates Hual initiated contact with Plaintiff after conducting a registration check on the vehicle Plaintiff was driving and learning it had been reported as stolen.[2]  Perhaps in light of this revelation, Plaintiff no longer alleges "[t]he only 'probable cause' Officer Hual mentions in his report is the fact that Plaintiff was 'in a BMW sedan and that he was black.'"  ECF Doc. 1 at 5-6.

Nevertheless, Plaintiff continues to raise a Fourth Amendment claim in the amended complaint.  As the Court indicated in the January 19 Order, the fact Plaintiff was driving a vehicle reported as stolen provided Hual with reasonable suspicion to initiate an investigatory stop and at least arguable probable cause to arrest him.[3]  *See Rohde v. City of Roseburg*, 137 F.3d 1142, 1144 (9th Cir. 1998) ("If an officer has reliable information, such as a police report, indicating that the

---

[2] The Court accessed the arrest report from the Escambia County Clerk of Court's website and attached a copy to the January 23 Order.  Plaintiff does not contest the authenticity or veracity of the arrest report.  The undersigned will also attach a copy to this Report and Recommendation.
[3] According to the arrest report, Plaintiff told Hual post-*Miranda* he recently bought the car, but he could not provide any paperwork to prove ownership.

Case No. 3:22cv22140-LC-HTC

vehicle has been stolen, he thus has probable cause to believe that the driver has committed the crime of either stealing the car or knowingly operating a stolen vehicle."). Furthermore, the subsequent dismissal of the grand theft auto charge does not affect this determination. *See McDowell v. Gonzalez*, 820 F. App'x 989, 991 (11th Cir. 2020) ("[T]he fact that the state later dismisses an arrestee's charges does not negate the existence of probable cause at the time of arrest. Instead, whether an officer possesses probable cause or arguable probable cause depends on the elements of the crime and the surrounding facts at that moment.") (citations omitted). Thus, Plaintiff has failed to establish Hual violated his rights under the Fourth Amendment by investigating him without reasonable suspicion or arresting him without probable cause.

### B. Fifth Amendment

Plaintiff is suing a city police department and one of its employees. He cannot state a Fifth Amendment claim because that amendment applies only to the federal government and federal employees. *See Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government … from depriving any person of life, liberty, or property without due process of law.").

### C. Fourteenth Amendment

Plaintiff's amended complaint focuses on his claim that Hual racially profiled him in violation of the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment "prohibits selective enforcement of the law based on considerations such as race." *Whren v. United States*, 517 U.S. 806, 813 (1996). To prevail on such a claim, Plaintiff must demonstrate Hual's enforcement of the law had a discriminatory effect and it was motivated by a discriminatory purpose. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996). To establish a discriminatory effect based on race, Plaintiff must show that similarly situated individuals of a different race did not receive the same treatment by law enforcement. *Id.*; *see also Swint v. City of Wadley, Ala.*, 51 F.3d 988, 1000 (11th Cir. 1995) ("Absent some evidence of racially disproportionate arrests compared to the actual incidence of violations by race, there is no basis for inferring racially selective law enforcement.").

Here, Plaintiff has not alleged any facts to support a racial profiling claim. He does not identify: (1) any similarly situated individual of a different race who was treated differently by Hual in similar circumstances; or (2) any basis for inferring Hual's investigation was motivated by a discriminatory purpose, rather than the fact Plaintiff was driving a vehicle reported as stolen. Because Plaintiff has made only the conclusory assertion that Hual racially profiled him, he has failed to state a

claim.⁴ *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

Plaintiff also cites statistics regarding the percentage of Pensacola's population which is African American. The cited statistics, however, do not support a selective enforcement claim because they shed no light on Hual's investigations of African Americans, or how those investigations compare with investigations of people who are not African American. *See United States v. Cannon*, 987 F.3d 924, 937-38 (11th Cir. 2021) ("Statistical data reflecting the treatment of only one particular group cannot satisfy the discriminatory effect prong because it fails to show that similarly situated persons were treated differently."). Because Plaintiff has failed to allege or cite statistics showing Hual did not investigate or arrest non-African American individuals after learning they were driving vehicles that had been reported as stolen, Plaintiff has failed to state a Fourteenth Amendment claim.⁵

---

⁴ Plaintiff's amended complaint contains several conclusory allegations which are not entitled to the presumption of truth. *See* ECF Doc. 15 at 6 ("[T]his officer treated Plaintiff differently than similarly situated individual[s] in an unprotected class. This officer['s] discriminatory selective law enforcement may be inferred from evidence of this officer's pattern and method of performing traffic stops and arrest[s], … [and] the specific events of the traffic stop at issue[.]").

⁵ Because Plaintiff was convicted of an offense stemming from Hual's investigation, his claim is also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Cook v. Layton*, 299 F. App'x 173, 174 (3d Cir. 2008) (*Heck* "applies to allegations of a violation of equal protection, because a successful claim of racially discriminatory enforcement of the law would invalidate the resulting conviction and sentence."); *Sanders v. Fayetteville City Police Dep't*, 160 F. App'x 542, 543 (8th Cir. 2005) (affirming dismissal pursuant to *Heck* of a § 1983 claim arising from an alleged racially motivated vehicle stop from which a conviction resulted).

Case No. 3:22cv22140-LC-HTC

### D.    Pensacola Police Department

Plaintiff has also named the PPD as a Defendant. However, he has failed to state a claim against the PPD for multiple reasons. First, the PPD is not an entity that is capable of being sued. *See Fla. City Police Dep't v. Corcoran*, 661 So.2d 409, 410 (3d DCA 1995) (noting a police department is not a proper defendant in a suit for damages because the police department does not have the capacity to sue and be sued); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit[.]") (citations omitted).

Second, "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citation omitted). Even assuming Plaintiff named the proper defendant, he has failed to state a claim because he has not shown Hual violated his constitutional rights and he has not alleged any facts regarding a custom or policy of the PPD. *See Johnson v. Darnell*, 781 F. App'x 961, 964 (11th Cir. 2019) (finding conclusory allegations regarding a custom or policy are insufficient to state a claim); *Palermo v. Corr. Med. Servs. Inc.*, 133 F. Supp. 2d 1348, 1363 (S.D. Fla. 2001) ("It almost goes without saying that there can be no custom of deliberate indifference to

a Plaintiff's Constitutional rights for those Plaintiffs who have not suffered a Constitutional tort.").

## IV. Conclusion

The Court screened Plaintiff's original complaint, advised Plaintiff of its deficiencies, and directed him to submit an amended complaint which corrected those deficiencies. Plaintiff's amended complaint contains no new relevant facts and suffers from the same flaws identified in the original complaint—that is, it fails to show Plaintiff's interaction with Hual was motivated by racial animus as opposed to the fact he was driving a car that had been reported as stolen.

Because Plaintiff has failed to state a viable claim against the Defendants and failed to cure the deficiencies identified in the original complaint through amendment, this case should be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (affirming dismissal of *pro se* prisoner complaint for failure to correct Rule 20 deficiencies after being directed to do so by magistrate judge); *cf. Brennan v. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 945-46 (11th Cir. 2015) ("A *pro se* litigant must be given at least one opportunity to amend his complaint before the court dismisses the action with prejudice if it appears that a more carefully drafted pleading would state a claim upon which relief could be granted.").

Accordingly, it is RECOMMENDED:

1.     That this case be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to Plaintiff's failure to state a claim on which relief may be granted.

2.     That the clerk close the file.

At Pensacola, Florida, this 15th day of March, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv22140-LC-HTC

RECEIVED
By Escambia County Clerk of Court at 8:17 am, Sep 07, 2022



**Pensacola Police Department**
PENSACOLA POLICE DEPARTMENT
711 N HAYNE ST

REPORT NUMBER
**PPDYYARR17601M**
ARREST REPORT

*1707013739* (handwritten)
*139734* (handwritten)

| Report Date / Time | Agency Case/Offense Number | OCA / Agency ID |
|---|---|---|
| 09/06/2022 07:38 AM | PPD22OFF007504 | |

| OBTS Number — Offender Based Transaction System | Jail Booking Number | Other Number |
|---|---|---|
| **1707013739** (handwritten) | 2208894 (handwritten) | PPD22CAD053868 |

## LOCATION OF OCCURRENCE

| County | Address |
|---|---|
| ESCAMBIA | 707 N PACE BLVD , PENSACOLA, FL 32503 |

| Range of Occurrence Date/Time | Latitude | Longitude |
|---|---|---|
| 09/06/2022 06:28 AM to 09/06/2022 06:28 AM | | |

## PERSON: SUSPECT

| First Name | Middle Name | Last Name | Suffix | Date of Birth | Age |
|---|---|---|---|---|---|
| AARON | LEE | DEAN | | 11/06/1987 | 34 |

| Master Name Index Number | Race | Sex | Height | Weight | Hair | Eyes |
|---|---|---|---|---|---|---|
| ▮ | B | M | 509 | 160 | BLK | BRO |

| Place of Birth | Nation | License or Other ID | State | Class or Type | Phone |
|---|---|---|---|---|---|
| | | D500012874060 | FL | E | 8503842845 |

| Address | City | County | State | Zip Code |
|---|---|---|---|---|
| 3100 W LEE ST | PENSACOLA | ESCAMBIA | FL | 32505 |

## CHARGES

| Counts | Charge Number | Charge |
|---|---|---|
| 1 | 322.34.2 | MOVING TRAFFIC VIOL |

| Charge Degree | Charge Level | General Offense Code | Hate Crime | Domestic Violence | Bond |
|---|---|---|---|---|---|
| FIRST DEGREE | MISDEMEANOR | NOT APPLICABLE | ☐ | ☐ | $1,000.00 |

DWLSR REVOCATION EQUIV STATUS 2ND SUBS OFF

| Counts | Charge Number | Charge |
|---|---|---|
| 1 | 812.014.2c6 | VEHICLE THEFT |

| Charge Degree | Charge Level | General Offense Code | Hate Crime | Domestic Violence | Bond |
|---|---|---|---|---|---|
| THIRD DEGREE | FELONY | NOT APPLICABLE | ☐ | ☐ | $5,000.00 |

GRAND THEFT OF MOTOR VEHICLE

| Counts | Charge Number | Charge |
|---|---|---|
| 1 | 893.13.6a | COCAINE-POSSESS |

| Charge Degree | Charge Level | General Offense Code | Hate Crime | Domestic Violence | Bond |
|---|---|---|---|---|---|
| THIRD DEGREE | FELONY | NOT APPLICABLE | ☐ | ☐ | $5,000.00 |

POSSESS COCAINE

## PROBABLE CAUSE

On 09/06/2022 I was employed with the Pensacola Police Department in the capacity of a sworn law enforcement officer. At approximately 0625 hours, I was conducting traffic enforcement in the area of P Street and Cervantes Street. My marked patrol vehicle (#08820) was parked in an empty lot at the south side of that intersection facing north, watching east and west traffic on Cervantes Street. I observed a black colored BMW sedan (Mississippi tag# CYB8017) drive east on Cervantes Street from that intersection. This vehicle was only occupied by one individual, a black male later identified as Aaron Dean. I conducted a registration check on the vehicle through my in-car MCT and it immediately showed an active HIT with FCIC/NCIC as a stolen vehicle with the

| Report Date / Time<br>09/06/2022 07:38 AM | Agency Case/Offense Number<br>PPD22OFF007504 | OCA / Agency ID |
|---|---|---|
| OBTS Number  *Offender Based Transaction System* | Jail Booking Number | Other Number<br>PPD22CAD053868 |

Escambia County Sheriff's Office. I relayed this information to Pensacola Police Dispatch and asked them to confirm this information. I observed the vehicle park at 707 N. Pace Boulevard (24hr Store/Short Stop Pantry). Dean exited the vehicle and entered the store.

I got other units to respond to my location and I cleared the vehicle to make sure no other persons were inside. Officer J. Rodriguez (#189) arrived and assisted me. We contacted Dean inside the store and immediately placed him in handcuffs. We walked outside and I explained to Dean that he was being placed under arrest because the vehicle was stolen. I read Dean his Miranda Warning from my department issued Miranda warning card. Dean wanted to speak with me. Post-Miranda, Dean stated that he bought it from someone recently, however, could not provide me any paperwork to prove this statement. Dean also gave me permission to conduct a search of the vehicle, at which time I located a small but usable amount of "crack" cocaine under the driver seat within reach of where the driver's arms would be. This "crack" cocaine immediately tested with a presumptive positive result.

I conducted a check of Dean's information through Pensacola Police Dispatch who advised that Dean's driving priviledges are currently suspended and he is on probation. Dean's license status has been suspended since 08/12/2019 with three prior convictions for DWLS. Dean is currently on probation until 06/23/2025. Dean's Probation conditions are listed in NCIC as the following:

SPECIAL CONDITIONS –
1). 60: REMAIN CONFINED TO APPROVED RESIDENCE.
2). 32: NO DRIVING - DL REVOKED/SUSPENDED.
3). 26: NO ALCOHOL/ILLEGAL DRUGS.

I arrested Dean and charged him with the following violations of Florida State Statue:

1). 893.13.6a Possession of Cocaine with a $5,000.00 bond.
2). 812.014.2c6 Grand Theft of a Motor Vehicle with a $5,000.00 bond.
3). 322.34.2 Driving While License Suspended 2nd or Subsequent Conviction with a $1,000.00 bond.
4). 948.06 Violation of Probation with NO BOND.
Total bond on all appropriate charges is $11,000.00.

I issued Dean a Uniform Traffic Citation for DWLS.

I seized the "crack" cocaine and turned it in as evidence.

Escambia County Sheriff's Deputy M. Clark "F04" arrived and conducted the stolen vehicle recovery.

I transported Dean to the Escambia County Sheriff's Office without incident.

Officer Rodriguez and my body-worn camera was active, and my in-car camera was turned on shortly after initiating contact with Dean.

| Report Date / Time | Agency Case/Offense Number | OCA / Agency ID |
|---|---|---|
| 09/06/2022 07:38 AM | PPD22OFF007504 | |
| OBTS Number   *Offender Based Transaction System* | Jail Booking Number 22004894 | Other Number PPD22CAD053868 |

## LEO BOND

| Bond Amount $ | ☐None | ☐ROR | ☑Cash | ☐Any |
|---|---|---|---|---|
| $11,000.00 | ☐PreTrial If Quali | ☑Pro | | |

## COURT APPEARANCE INFORMATION

| Court | Court Phone | Court Date & Time |
|---|---|---|
| (CIRCUIT) ESCAMBIA COUNTY COURT | 850-483-8468 | 09/30/2022 08:30 AM |

Court Address
190 W. GOVERMENTAL CENTER PENSACOLA, FL 32502, PAYABLE ONLINE AT: PAY.ESCAMBIA

Instructions

## ARREST INFORMATION

| Arrest Date / Time | Residency | Injured | Extent of Injury | | Resist Arrest |
|---|---|---|---|---|---|
| 09/06/2022 06:30 AM | Within state | None | N/A | | No |
| Prior Arrests | Arrest Jurisdiction | Alcohol | | Drugs | |
| Yes | Within state | No | | No | |

## ARREST LOCATION

| County | Address |
|---|---|
| ESCAMBIA | 707 N PACE BLVD , PENSACOLA, FL 32503 |

## ARREST DELIVERED TO

| Jail / Booking Facility | Phone |
|---|---|
| ESCAMBIA COUNTY JAIL | (850) 436-9650 |

Location
3080 N PACE BLVD, PENSACOLA, FLORIDA 32505

## ARRESTING OFFICER

| Officer Call Number | Officer Name | Officer Signature |
|---|---|---|
| 155 | HUAL, MICHAEL ANDREW | |

Subscribed and sworn to (or affirmed) before me
this 6th day of September A.D., 2022 by M. Tena
who is __ personally known to me or has produced _____ as
Identification.

Signature

__Notary Public  ✓LEO  __CO

Commission No: _____    My Commission Expires: _____